UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| INTEGRITY SALES & SERVICE, INC. | ) |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| PROPERTY OWNERS INSURANCE | ) |
| COMPANY, CHRISTIAN ROBBINS AND | ) |
| SANCTUARY TREE AND GARDEN | ) |
| CARE, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Admiral Insurance Company ("Admiral"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment against Defendants Integrity Sales & Service, Inc. ("Integrity"), Auto Owners Insurance Company, Property Owners Insurance Company (collectively, "Auto Owners"), Christian Robbins ("Robbins"), and Sanctuary Tree and Garden Care, LLC ("STGC") states and alleges as follows:

### INTRODUCTION

1. Admiral seeks a declaratory judgment that it has no duty to defend or indemnify Integrity against lawsuits filed against Integrity by Robbins and STGC.[1] The Underlying Lawsuits arise from the failure of a lift arm that was attached to a bucket truck that Integrity

---

[1] True and correct copies of the Complaints in *Sanctuary Tree And Garden Care, LLC v. Integrity Sales & Service, Inc.*, Civil Action No. 1:16-cv-02455, In The United States District Court For The District Of Colorado; and *Christian Robbins v. Integrity Sales & Service, Inc.*, Civil Action No. 1:16-cv-02448, In The United States District Court For The District Of Colorado (collectively, the "Underlying Lawsuits") are attached hereto and fully incorporated herein by reference collectively as **Exhibit A**.

allegedly purchased and resold to STGC. It is alleged that STGC employed Mr. Robbins, who, on October 2, 2014, was trimming trees from a bucket at the end of the lift arm when the lift arm failed, and Mr. Robbins fell and injured himself.

2.  Integrity is the Debtor in Chapter 7 bankruptcy in Indiana.[2] Integrity had policies in effect on the date of the accident with both Admiral and Auto Owners. Admiral's coverage is limited to a specific part of Integrity's business – manufacturing new trailers and custom semi-tractors by extending the beds. Auto Owners covers the remaining business, including refurbishing and reselling used vehicles.

3.  It is alleged that the bucket truck and attached lift arm were bought used and resold by Integrity to STGC. Therefore, coverage exists under the Auto Owners Policy and not the Admiral Policy. However, Auto Owners disputes that coverage exists under the Auto Owners Policy and not the Admiral Policy. Admiral therefore seeks a declaratory judgment that Auto Owners, not Admiral, must defend and indemnify Integrity.

## PARTIES, JURISDICTION, AND VENUE

4.  Admiral was and is a Delaware corporation with its principal place of business in the State of Arizona. It is now and has at all relevant times been a citizen of the states of Arizona and Delaware.

5.  Integrity was and is an Indiana corporation with its principal place of business at 5993 State Road 1, St. Joe, Indiana, 46785. It is now and has at all relevant times been a citizen of Indiana, and may be served with process through its registered agent David Pfister, at 18915 Bull Rapids Road, Spencerville, Indiana, 46788.

---

[2] Integrity filed a Chapter 11 Bankruptcy on September 26, 2013. On November 19, 2014 Integrity's bankruptcy was converted to Chapter 7. The Trustee is Dustin M. Roach.

6. Robbins is now and has at all relevant times been a citizen of the State of Colorado and may be served where he resides at 1255 Florida Road, #3, Durango, Colorado 81301.

7. Sanctuary Tree and Garden Care, LLC is a Colorado limited liability company with its principal place of business at 3116 Zenobia Street, Denver, Colorado 80212. The sole member of STGC is Ryan McFall Bartlett, who resides at 3116 Zenobia Street, Denver, Colorado 80212 and is now and has at all relevant times been a citizen of the State of Colorado. STGC is now and has at all relevant times been a citizen of Colorado, and service may be made on its registered agent, Ryan McFall Bartlett, at 3116 Zenobia Street, Denver, Colorado 80212.

8. Auto Owners Insurance Company and Property Owners Insurance Company are both incorporated in Michigan, have their principal places of business in Lansing, Michigan, and are now and have at all relevant times been citizens of Michigan for diversity purposes. Both may be served with process by serving their registered agent The Corporation Co., 30600 Telegraph Rd., Suite 2345, Bingham Farms, MI 48025.

9. Admiral seeks declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual controversy between the parties with respect to the rights and obligations, if any, under contracts of insurance issued by Admiral and by Auto Owners to Integrity.

10. This Court has subject matter jurisdiction in this case pursuant to: (1) 28 U.S.C. § 1332(a) because this dispute involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) 28 U.S.C. § 2201 because Admiral seeks a declaration of rights under insurance policies issued to Integrity by Admiral and Auto Owners.

11. Venue is appropriate in this District under 28 U.S.C. § 1391 because Defendant Integrity resides here and is subject to the personal jurisdiction of this Court, and because a substantial part of the events or omissions giving rise to the claim occurred in this district, including the operations of Integrity, and its bankruptcy filing.

### COUNT I - DECLARATORY JUDGMENT

12. Integrity was an insured under Auto Owners Policy No. 49-114-715-00, a renewal policy, effective from April 4, 2014 to April 4, 2015.[3] It contains, inter alia, coverage parts titled Garage Liability Coverage, Dealer's Blanket Coverage, and Products/Completed Operations Liability.

13. Integrity was also an insured under Admiral Policy No. CA000017176-02, effective from November 28, 2013 to November 28, 2014.[4] This renewal policy was only the second year that Admiral was on the risk. It contains a Products/Completed Operations Liability coverage part, with a Limitation of Coverage to Designated Products endorsement.

14. Both the Admiral and Auto Owners policies were in effect on the date of the accident - October 2, 2014. Integrity had two policies in effect at the same time because, while Auto Owners covered all of Integrity's other risk, it did not want to cover Integrity's manufacturing of trailers and customized semi-tractors. Thus, that narrow part of Integrity's risk was placed with Admiral.

15. The coverage provided by the Admiral Policy is limited by the following Limitation of Coverage to Designated Products endorsement:

---

[3] A true and correct copy of the declarations pages from Auto Owners Policy No. 49-114-715-00 (hereinafter, the "Auto Owners Policy") is attached hereto and fully incorporated herein by reference collectively as **Exhibit B**.

[4] A true and correct copy of the Admiral Policy No. CA000017176-02 (hereinafter, the "Admiral Policy") is attached hereto and fully incorporated herein by reference collectively as **Exhibit C**.

4

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> LIMITATION OF COVERAGE TO DESIGNATED PRODUCTS
>
> This endorsement modifies insurance provided under the following:
>
>> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>>
>> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> SCHEDULE
>
> Designated Product(s):
>
> MANUFACTURER OF TRAILERS AND TRUCKS
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
>
> With respect to the "products-completed operations hazard", this insurance applies only to "bodily injury" or "property damage" caused by "your product" shown in the Schedule.

16.     Integrity did not manufacture the bucket truck or the attached lift arm that failed and resulted in Mr. Robbins' accident. Instead, it purchased it used, repaired existing damage to the lift arm, and resold it to STGC. The pertinent allegations in the Underlying Lawsuits are that:[5]

> **12. At all times relevant, Defendant Integrity Sales was and is a commercial market dealer of used trucks and trailers, including forestry trucks with aerial lifts.**
>
> **13. At all times relevant, Defendant Integrity Sales was and is in the business of selling and servicing used trucks and trailers, including forestry trucks with aerial lifts.**
>
> **14. Defendant Integrity Sales purchased the subject vehicle in December of 2013 for $2,000 from a seller in California, named William Dwight Speer.**
>
> **15. On November 11, 2013, prior to Defendant Integrity Sales purchasing the subject vehicle and while it was still owned by Mr. Speer, it was involved in a**

---

[5] See **Exhibit A**, at pp. 3 – 5.

collision wherein it rolled over onto its side in a ditch sustaining significant damage to the front and side. The upper boom was also damaged and had fiberglass showing through the damaged area.

16. A representative of Integrity Sales purchased the subject vehicle directly from Mr. Speer in California after delivering a newly purchased vehicle Mr. Speer had ordered from Integrity Sales.

...

21. An investigation by the Occupational Safety and Health Administration determined that the upper boom was damaged prior to the April 25, 2014 sale of the subject vehicle to Sanctuary Tree and Garden Care, LLC and that the prior damage compromised its structural integrity. Further, it determined that the upper boom failed at the same location as the previous damage and repair.

22. The prior damage to the subject vehicle, including the upper boom, was known to Defendant Integrity Sales before it was sold to Sanctuary Tree and Garden Care Center, LLC.

23. The repair made to correct the prior damage of the upper boom was undertaken by Defendant Integrity Sales before it was sold to Sanctuary Tree and Garden Care Center, LLC.

24. Defendant Integrity Sales failed to conduct a reasonable inspection and repair of the subject vehicle's upper boom making it unsafe for use within its intended purpose.

25. Defendant Integrity Sales knew that it failed to conduct a reasonable inspection and repair of the upper boom.

17.   The Limitation of Coverage to Designated Products endorsement limits coverage under the Admiral Policy to trailers and trucks manufactured by Integrity. Likewise, the Premium Classification set forth in the Declarations for the Admiral Policy is "Trailer Mfg."[6] All other risk was covered under the Auto Owners Policy. The correspondence between Integrity's retail insurance agent, Stoller-Dunham Insurance Agency, the wholesale insurance broker, Arlington/Roe & Co., and Admiral during the underwriting of the Admiral policies also reflects this fact.

---

[6] See **Exhibit C** at p. 4.

6

18.     In his email forwarding the November 9, 2012 application to the wholesale broker, Integrity's insurance agent stated:[7]

> **Here are the apps that we discussed yesterday on this one. This is the risk that manufactures trailers, and now they are getting into manufacturing trucks as well. They are buying trucks and modifying them by extending the cab, so they are not building them from the ground up. I have a picture attached of their first completed truck, a 2013 Peterbilt 337. This is the only one at this point, but they are anticipating building 10 a year. Let me know what you need for a rate on this one.**

19.     Attached to this email is a photograph of the type of truck, a semi-tractor, for which Integrity sought insurance from Admiral. Moreover, the application attached to this email, signed by Integrity, states that Integrity has been manufacturing trailers for fifty-six years, and trucks for one year. The primary operations of Integrity described in the application for the Admiral Policy are:

**Trailer manufacturing**

**Truck manufacturing – customization of semi-tractors by extending the cab**

20.     On November 14, 2012, Integrity's insurance agent sent the following e-mail to the wholesale broker:[8]

> **In response to your questions, they are customizing trucks and manufacturing trailers. They are also refurbishing both trucks and trailers as well (paint, etc.) and are selling everything they work on. We have a GL/Garage Liability policy with Auto-Owners (Property-Owners) covering everything but the manufacturing exposure. I have attached our copy so that you may compare. It appears to me that all we really need is a policy to cover the manufacturing.**

21.     Integrity submitted another application, dated August 29, 2013, to Admiral to renew coverage for the November 28, 2013 to November 28, 2014 policy period.[9] The application again describes Integrity's operations as follows:

---

[7] A true and correct copy of this November 9, 2012 underwriting e-mail and attached applications is attached hereto and fully incorporated herein by reference as **Exhibit D**.
[8] A true and correct copy of this November 14, 2012 underwriting e-mail is attached hereto and fully incorporated herein by reference as **Exhibit E**.

7

**Trailer manufacturing**

**Truck manufacturing – customization of semi-tractors by extending the cab**

22. On November 7, 2013, Integrity's insurance agent sent the following correspondence to the wholesale broker regarding Integrity's business:[10]

> Yes, that number is correct. They have drastically moved from manufacturing being a main exposure to more of a smaller part of the business. <u>Their main focus is on refurbishing trucks and trailers. The refurbished sales exposure is covered through Auto-Owners.</u> I will hopefully be able to obtain an inventory list to show you the current numbers. They have only 4 manufactured trailers in their inventory. Everything else is refurbished, so our $100,000 total should be accurate. In summary, they are still manufacturing a few trailers per year, but not anywhere near the rate they were last year.
>
> The truck manufacturing was something they wanted to try for a couple years, and at this point they will not be pursuing it anymore. I wanted to leave it as an "if any exposure just in case they decided to get back into it again in 2014. If we can't rate it that way, let's just remove the exposure altogether.

23. Five days later, in a November 12, 2013 email, the wholesale broker passed this information on to Admiral:[11]

> Per the agent - They have drastically moved from manufacturing being a main exposure to more of a smaller part of the business. Their main focus now is on refurbishing trucks and trailers. The refurbished sales exposure is covered through Auto-Owners. I will hopefully be able to obtain an inventory list to show you the current numbers. They have only 4 manufactured trailers in their inventory. Everything else is refurbished, so our $100,000 total should be accurate. In summary, they are still manufacturing a few trailers per year, but not anywhere near the rate they were last year. The truck manufacturing was something they wanted to try for a couple years, and at this point they will not be pursuing it anymore. I wanted to leave it as an if any exposure just in case they decided to get back

---

[9] A true and correct copy of the August 29, 2013 Application is attached hereto and fully incorporated herein by reference as **Exhibit F**.

[10] A true and correct copy of this November 7, 2013 e-mail is attached hereto and fully incorporated hereby referenced as **Exhibit G**.

[11] A true and correct copy of this November 12, 2013 underwriting e-mail is attached hereto and fully incorporated herein by reference as **Exhibit H**.

**into it again in 2014. If we can't rate it that way, let's just remove the exposure altogether.**

24. The underwriting correspondence and documents establish that Integrity sought coverage from Admiral only for its <u>manufacturing</u> of trucks and trailers and not its <u>refurbishing</u> of used vehicles, which was a risk covered by another insurer – Auto Owners.

25. Pursuant to the Limitation of Coverage to Designated Products endorsement there is no duty to defend or indemnify under the Admiral Policy for the injuries alleged in the Underlying Lawsuits, as Integrity did not manufacture the bucket truck at issue but instead bought it used, refurbished the attached lift arm, and resold it to STGC. Instead, coverage for this loss exists under the Auto Owners Policy, which covers all other Products/Completed Operations risk of Integrity, up to a limit of $1,000,000 per occurrence, as set forth on the declarations pages of the Auto Owners Policy.[12] Admiral seeks a declaration that its Policy does not provide coverage to Integrity for Mr. Robbins' injuries and that Auto Owners' policy does provide such coverage.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Admiral, prays that this Court:

1. Find and declare that Admiral has no duty to defend or to indemnify Integrity against the Underlying Lawsuits under the Admiral Policy;

2. Find and declare that the Auto Owners does have a duty to defend and to indemnify Integrity against the Underlying Lawsuits under the Auto Owners Policy;

3. Grant Admiral its costs and fees as allowed by law; and

4. Grant Admiral such other and further relief that the Court deems proper under the facts and circumstances.

---

[12] See **Exhibit B**.

## DEMAND FOR JURY TRIAL

Admiral demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 21, 2017.

                LITCHFIELD CAVO LLP

By:   /s/ Gina G. Santostefano
      Gina G. Santostefano, IN Atty. No. 29471-45
      303 W. Madison St.
      Suite 300
      Chicago, IL 60606-3300
      Telephone: (312) 781-6663
      Facsimile: (312) 781-6630
      santostefano@litchfieldcavo.com

      *Pro Hac Vice Pending:*
      David Clay Wilkerson
      Nathan Rymer
      Rymer, Moore, Jackson & Echols, P.C.
      2801 Post Oak Blvd., Suite 250
      Houston, Texas 77056
      Telephone: (713) 626-1550
      Facsimile: (713) 626-1558
      cwilkerson@rmjelaw.com
      nrymer@rmjelaw.com

      **ATTORNEYS FOR PLAINTIFF**
      **ADMIRAL INSURANCE COMPANY**

# EXHIBIT INDEX

*Exhibit A* - True and correct copies of the Complaints in *Sanctuary Tree And Garden Care, LLC v. Integrity Sales & Service, Inc.*, Civil Action No. 1:16-cv-02455, In The United States District Court For The District Of Colorado; and *Christian Robbins v. Integrity Sales & Service, Inc.*, Civil Action No. 1:16-cv-02448, In The United States District Court For The District Of Colorado.

*Exhibit B* - A true and correct copy of the declarations pages from Auto Owners Policy No. 49-114-715-00.

*Exhibit C* - A true and correct copy of the Admiral Policy No. CA000017176-02.

*Exhibit D* - A true and correct copy of the November 9, 2012 underwriting e-mail and attached applications.

*Exhibit E* - A true and correct copy of the November 14, 2012 underwriting e-mail.

*Exhibit F* - A true and correct copy of the August 29, 2013 Application.

*Exhibit G* - A true and correct copy of the November 7, 2013 e-mail.

*Exhibit H* - A true and correct copy of the November 12, 2013 underwriting e-mail.